UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HATTIE MAE BROWN,                                       Case No. 1:03-cv-611

                     Plaintiff,                         Watson, J.
                                                        Black, M.J.

 vs.

DANIEL N. KOSANOVICH, *et al.,*

                     Defendants.

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR
RECONSIDERATION (Doc. 42) BE DENIED**

This matter is before the Court on plaintiff's motion for reconsideration of the

Order and Judgment dismissing this action for lack of subject matter jurisdiction.  (Doc.

38; *see* docs. 36, 37).

**PROCEDURAL HISTORY**

Plaintiff initiated this action on August 29, 2003, by filing a *pro se* complaint

against three defendants: her former employer, an attorney who represented her in

arbitration following her discharge, and the presiding arbitrator.  (Doc. 1).  She alleged,

*inter alia,* wrongful discharge by the employer; malpractice by the attorney; and

corruption, fraud and bias on the part of the arbitrator.  (*See id.*)  The attorney filed a

motion to dismiss for lack of subject matter jurisdiction (doc. 4), the arbitrator filed a

---

[1]      Attached hereto is a NOTICE to the parties regarding objections to this Report
and Recommendation.

motion for judgment on the pleadings (doc. 14), and the employer filed a motion to strike

plaintiff's "reply" to its answer (doc. 13).

The matter was referred to Magistrate Judge David S. Perelman, who issued a

Report and Recommendation that the motion to dismiss for lack of jurisdiction be granted

and this case dismissed. (Doc. 19). Judge Perelman further recommended that the

remaining motions should be denied as moot. (*Id.*) Plaintiff filed objections to the

Report and Recommendation. (*See* docs. 20, 24).

Following *de novo* review, Judge Michael H. Watson adopted the magistrate

judge's recommendation and dismissed the case, with prejudice, for lack of jurisdiction.

(Doc. 36). Judge Watson found that diversity jurisdiction was lacking because the parties

all reside in Ohio, and that federal question jurisdiction was lacking because plaintiff's

claims arise under state law. (*Id.*) He further noted that plaintiff's reliance on the Federal

Arbitration Act, 9 U.S.C. § 10, was misplaced because the Arbitration Act does not create

an independent basis for jurisdiction. (*Id.* at 3 (citing *Moses H. Cone Mem'l Hosp. v.

Mercury Const. Corp.,* 460 U.S. 1, 25 n.32 (1983)). The Order and Judgment dismissing

this action were entered on March 23, 2005. (Docs. 36, 37).

On April 1, 2005, plaintiff filed the motion for reconsideration which is now

before the Court. As grounds for relief, she contends that the arbitrator was not on the

Roster of Arbitrators provided by 29 C.F.R. Pt. 1404 and reasserts her claims of

malpractice and wrongful discharge. She further objects to the Court's use of the liberal

standard, which is required on consideration of *pro se* pleadings, *see Haines v. Kerner,*

404 U.S. 519, 520 (1972), as prejudicial to her character and individuality.

### ANALYSIS

When a party files a motion to reconsider a final order or judgment within ten days

of entry, the court will generally consider the motion as one filed pursuant to Fed. R. Civ.

P. 59(e).  *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 617 (6th Cir. 2002) (citing *Cockrel v.*

*Shelby County Sch. Dist.,* 270 F.3d 1036, 1047 (6th Cir. 2001); *Vance ex rel. Hammons*

*v. United States,* 90 F.3d 1145, 1148 n.2 (6th Cir. 1996)).  Because plaintiff filed her

motion nine days after the entry of the Order and Judgment, the motion should be

construed as a motion to alter or amend judgment under Rule 59(e).

Rule 59(e) provides a procedure "for correcting manifest errors of law or fact or

considering the import of newly discovered evidence."  *Helton v. ACS Group,*  964 F.

Supp. 1175, 1182 (E.D. Tenn. 1997).  A motion under this rule may be granted in only

three situations: (1) to accommodate an intervening change in controlling law; (2) to

consider new evidence not previously available; or (3) to correct a clear error of law or to

prevent a manifest injustice.  *See GenCorp., Inc. v. American Int'l Underwriters,* 178

F.3d 804, 834 (6th Cir. 1999).  Rule 59(e) may not be used to simply re-argue issues

previously addressed by the Court.  *Sault Ste. Marie Tribe of Chippewa Indians v.*

*Engler,* 146 F.3d 367, 374 (6th Cir. 1998).

Plaintiff makes no claim that a change has occurred in controlling law or that

evidence not previously available has now become available.  Moreover, she points to no

"clear error of law" and fails to demonstrate a manifest injustice.  The only prejudice

argued by plaintiff allegedly resulted from the Court's use of a liberal standard "to make

a reasonable attempt to read the pleadings to state a valid claim on which the [*pro se*]

plaintiff could prevail."  (*See* doc. 36 at 3 (quoting *Ashiegbu v. Purviance,* 74 F. Supp. 2d

740, 746 (S.D. Ohio 1988), *aff'd,* 194 F.3d 1311 (6th Cir. 1999), *cert. dismissed,* 529

U.S. 1001 (2002)).  Because plaintiff simply seeks to re-argue the matters addressed by

the Court in its previous Order and Judgment, and has not demonstrated a "manifest

injustice," relief pursuant to Rule 59(e) is not warranted.

> **IT IS THEREFORE RECOMMENDED THAT** plaintiff's motion for

reconsideration (doc. 38) be **DENIED**.


Date:   4/25/05                              s/Timothy S. Black
                                             Timothy S. Black
                                             United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HATTIE MAE BROWN,                           Case No. 1:03-cv-611

       Plaintiff,                              Watson, J.
                                            Black, M.J.
 vs.

DANIEL N. KOSANOVICH, *et al.,*

       Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).